WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Cesar Bazurto-Romo,<br><br>Plaintiff,<br><br>v.<br><br>Alejandro Mayorkas, et al.,<br><br>Defendants. | No. CV-22-00272-TUC-JCH<br><br>**ORDER** |

In this action Plaintiff attempts to revive claims regarding his 2016 Form N-600 Application for Certificate of Citizenship, its subsequent denial, and the associated administrative proceedings. Before the Court is Defendants' Motion to Dismiss (Doc. 9).[1] Defendants assert that issue preclusion bars Plaintiff from relitigating subject-matter jurisdiction, and that the Court lacks subject-matter jurisdiction in any event. (*Id.*) The issues are fully briefed. (*See* Docs. 12, 13.) The Court agrees that the jurisdiction issue is precluded because it was already litigated in Case No. 2:19-cv-05135-DLR. The Court nonetheless explains why it still lacks subject-matter jurisdiction.

**I.    Background**

Plaintiff's history follows in full because it shows that Plaintiff already litigated the issue of subject-matter jurisdiction before an Arizona district court. That establishes issue preclusion. Plaintiff's history also shows that Plaintiff's claim for citizenship arose in

---

[1] The Court denies Plaintiff's request for oral argument because oral argument will not help the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

connection with a removal proceeding. That prevents district court subject-matter jurisdiction here. But the Court also provides Plaintiff's history because it shows a concerning pattern of ignoring court orders and established procedure.

### A. Plaintiff's Immigration History

In 2006, Plaintiff entered the United States with authorization to remain for six months. (Case No. 2:19-cv-05135-DLR ("DLR"), Doc. 17 at 1.)[2] After Plaintiff was convicted of drug-related offenses in state court, Immigration and Customs Enforcement ("ICE") placed Plaintiff in custody pending removal proceedings. (*Id.*) ICE also issued a Notice to Appear charging Plaintiff as removable for remaining in the United States longer than permitted and for violating a state controlled-substance law. (*Id.*)

In 2010, Plaintiff was removed to Mexico. (*Id.* at 1–2.) Two weeks after removal, Plaintiff attempted to reenter the United States using identification documents issued in another name. (*Id.* at 2.) ICE charged Plaintiff as inadmissible for presenting himself as an imposter and placed Plaintiff in expedited removal proceedings. (*Id.*) Plaintiff was convicted of knowingly possessing an identity document not lawfully issued to him with intent to gain unlawful entry into the United States. (*Id.*)

In early 2011, Plaintiff was again removed to Mexico. (*Id.*) Sometime later that year, Plaintiff entered the United States unlawfully. (*Id.*) In 2015, he was discovered and placed into ICE custody. (*Id.*) While in custody, Plaintiff orally made a claim of citizenship derivative from his father. (*Id.*) ICE determined Plaintiff's claim was not factually supported after taking a sworn statement from Plaintiff's father. (*Id.*) Plaintiff's prior removal order was reinstated, and ICE charged him as removable for illegal reentry following removal. (*Id.*)

In early 2016, Plaintiff was removed to Mexico for a third time. (*Id.*)

---

[2] Some of this history is drawn from Plaintiff's previous case before this Court, referred to generally as the "2020 litigation." The Court takes judicial notice of those proceedings. *See Senate Anderson v. Holder*, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012) (citation omitted). Other aspects of this history are drawn from the record because Defendants raise a factual rather than facial attack on subject-matter jurisdiction. *See* Section II.B.

### B. Plaintiff's Procedural History

One month after his 2016 removal, Plaintiff filed a Form N-600 Application for Certificate of Citizenship with United States Citizenship and Immigration Services ("USCIS") and listed an address in Tucson, although the Department of Homeland Security ("DHS") has no record of Plaintiff legally entering the United States. (*Id.*) In late 2016, USCIS denied Plaintiff's application, finding Plaintiff had not shown that his father "was physically present in the United States for ten years, at least five of which were after the age of fourteen, prior to [Plaintiff's] birth." (*Id.*) Plaintiff appealed to the Administrative Appeals Office, but the appeal was dismissed after Plaintiff failed to file a brief. (*Id.*)

In 2019, Plaintiff challenged the USCIS denial of his N-600 application in this Court. (DLR Doc. 1.) Plaintiff sued the U.S. Attorney General, the DHS Secretary, the USCIS Director, and the USCIS Field Office Director. (*Id.*) Plaintiff sought to establish federal subject-matter jurisdiction under § 1331 and the Mandamus Act, the Administrative Procedure Act ("APA"), the Immigration and Nationality Act, the Declaratory Judgment Act, and 8 U.S.C. § 1503(a). (*Id.* at 2; DLR Doc. 15 at 2.) Plaintiff argued that 8 U.S.C. § 1252 did not divest the Court of subject-matter jurisdiction. (*Id.* at 2.) Defendants filed a Motion to Dismiss, (DLR Doc. 12), Plaintiff responded, (DLR Doc. 15), and Defendants replied. (DLR Doc. 16.)

In 2020, the Court granted Defendants' motion to dismiss for lack of subject-matter jurisdiction. (DLR Doc. 17 at 4–7.) The Court found that none of Plaintiff's cited statutes provided jurisdiction, and that 8 U.S.C. §§ 1503(a) and 1252 divested the Court of jurisdiction. (*Id.* at 4–5.) The Court emphasized that § 1252(b)(5) was Plaintiff's sole avenue for obtaining a declaration of nationality, requiring Plaintiff to pursue his claim by appealing to the Ninth Circuit. (*See id.*) The Clerk of the Court entered judgment. (DLR Doc. 18.)

In early 2021, Plaintiff filed another Form N-600 Application for Certificate of Citizenship. (Doc. 1-5 at 6.) Five months later, USCIS rejected the application, explaining that an applicant may not file a second N-600 after the appeal period expires, but may file

a Motion to Reopen. (*Id.*) In late 2021, Plaintiff filed a Motion to Reopen the N-600 application, attaching allegedly new evidence. (Doc. 1 at 3.) USCIS denied the Motion. (*Id.*) USCIS explained that Plaintiff still failed to prove his father was physically present in the United States for the required period. (Doc. 1-5 at 3–4.) The USCIS decision was based on "all the evidence of record," including the "new evidence" submitted with the Motion to Reopen. (*Id.*)

Six months later, on June 14, 2022, Plaintiff brought this action through new counsel challenging the denial of his Motion to Reopen his N-600 application. (Doc. 1.) Plaintiff contends USCIS did not consider the evidence supporting his Motion to Reopen. (*Id.*) Plaintiff is suing the DHS Secretary, the USCIS Director, and the USCIS Field Office Director. (*Id.* at 1.) Plaintiff seeks to establish federal subject-matter jurisdiction under § 1331 and the Mandamus Act, the APA, and the Declaratory Judgment Act, as well as the All Writs Act. (*Id.* at 5.)[3] Plaintiff also asserts that 8 U.S.C. §§ 1503(a) and 1252 do not divest the Court of subject-matter jurisdiction. (Doc. 12 at 4.) Defendants filed a Motion to Dismiss, (Doc. 9), Plaintiff responded, (Doc. 12), and Defendants replied. (Doc. 13.)

## II.  Issue Preclusion

### A.  Legal Standard

Parties generally may not contest matters they have already had a full and fair opportunity to litigate. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). This preclusion doctrine has long been justified as promoting the dual purpose of protecting litigants and promoting judicial economy. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citation omitted). The doctrine has two aspects, "issue preclusion" and "claim preclusion." *Taylor*, 553 U.S. at 892. Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination

---

[3] The Complaint's "Jurisdiction" section asserts jurisdiction under " (1) [federal-question jurisdiction]…; and (2) [the Mandamus Act]. " (Doc. 1 at 5.)  It also states that the Court "may grant relief … under [the APA], [the Mandamus Act], [the All Writs Act], and [the Declaratory Judgment Act]. " (*Id.*) The Court understands Plaintiff's statement that certain statutes "may grant relief" to mean they provide jurisdiction.

essential to the prior judgment." *Id.* Unlike claim preclusion, issue preclusion applies to threshold jurisdictional issues. *See, e.g.*, *Underwriters Nat'l Assurance Co. v. N.C. Life & Acc. & Health Ins. Guar. Ass'n,* 455 U.S. 691, 706 (1982); *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) ("After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of [preclusion] is made has not the power to inquire again into that jurisdictional fact.").

An issue is precluded if: (1) the issue at stake was identical in both proceedings; (2) the issue was "actually litigated" and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 861 (9th Cir. 2021), *cert. denied sub nom. Samish Indian Nation v. Washington*, 212 L. Ed. 2d 327, 142 S. Ct. 1371 (2022), *and cert. denied*, 212 L. Ed. 2d 608, 142 S. Ct. 2651 (2022); *see also* Restatement (2nd) of Judgments § 27 (1982). The moving party must demonstrate the elements of issue preclusion. *See Pool Water Products v. Olin Corp.*, 258 F.3d 1024, 1031 (9th Cir. 2001).

**B. Analysis**

**i. Defendants show that the jurisdictional issue in this case is identical to the one already litigated before the Arizona district court in 2020.**

Although Plaintiff's claims are slightly different, Defendants show that the jurisdictional issue in Plaintiff's first case is identical to the one presented here. Then, Plaintiff challenged USCIS's denial of his N-600 application. Now, Plaintiff challenges USCIS's denial of his motion to reopen his N-600 application. Although both claims are based on USCIS decisions, they are slightly different. But the issue of subject-matter jurisdiction required to reach each claim is identical. Then, as now, Plaintiff sought to demonstrate the Court's subject-matter jurisdiction over a USCIS decision. The issue was actually litigated because it was fully briefed, and the Court issued an order dismissing the case. There was no failure of opportunity this Court can see, and Plaintiff alleges none. And the jurisdictional issue was necessary to decide the merits because the merits cannot be reached absent jurisdiction. Defendants have therefore shown that the jurisdictional issue in this case is identical to the one already litigated in 2020.

### ii. Plaintiff's sole objection to issue preclusion is unpersuasive.

Plaintiff's objection cites principles of claim preclusion inapplicable to issue preclusion. While conceding that "the issue may be similar," Plaintiff objects that "none of the issues [in the 2020 litigation] were actually litigated [because the 2020 Court] dismissed that action . . . in part based on lack of jurisdiction[.]" (Doc. 12 at 11.) Plaintiff mistakes claim preclusion for issue preclusion. A claim is not "actually litigated" by a dismissal for lack of subject-matter jurisdiction. That is, claim preclusion does not apply to jurisdictional issues. But issue preclusion does. Plaintiff's claims are different, but the threshold jurisdictional issue is identical. It was litigated before and decided by the Court in 2020. Plaintiff partly recognizes that by conceding that the issues are "similar."

Plaintiff has had his day in court. He raised virtually all the same arguments for subject-matter jurisdiction and failed to persuade the Court. He must now abide its judgment, which explained that an appeal is the proper channel for continuing to protest.

### III. Subject-Matter Jurisdiction

Even if the issue of subject-matter jurisdiction were not precluded, the Court lacks subject-matter jurisdiction over Plaintiff's claim for the same reasons given in 2020.

#### A. Legal Standard

A court must dismiss claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the court may dismiss a complaint when the allegations of and documents attached to the complaint are insufficient to confer subject-matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In this context, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). By contrast, when a court evaluates a factual challenge to jurisdiction, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Safe Air for Everyone*, 373 F.3d at 1039 ("In resolving a factual attack on

jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

### B. Analysis

#### i. 8 U.S.C. §§ 1503 and 1252 divest the Court of jurisdiction.

Plaintiff's arguments for subject-matter jurisdiction are as unpersuasive now as they were in 2020 because Plaintiff's nationality claim "arose in connection with" removal proceedings.[4] Plaintiff argues that 8 U.S.C. § 1252 does not vest jurisdiction over his case in the court of appeals, ignoring ample case law to the contrary. Plaintiff's other statutes do not apply because they do not waive the government's sovereign immunity.

Sections 1503 and 1252 operate together to place subject-matter jurisdiction over removal appeals with the court of appeals. *See Iasu v. Smith*, 511 F.3d 881, 887 (9th Cir. 2007) ("Congress' clear intent [was] to have all challenges to removal orders heard in a single forum (the courts of appeals)[.]") (citation omitted); *Chau v. INS*, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001) ("[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States."); *Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010) (Section 1503(a) protects "removal proceedings from judicial interference and preserve[s] 8 U.S.C. § 1252 as the exclusive means of challenging a final order of removal."). Section 1503(a) states that a person may not bring a claim under the Declaratory Relief Act "if the issue of such person's [citizenship] (1) arose by reason of, or in connection with any removal proceeding … or, (2) is in issue in any such removal proceeding." Section 1252(a)(5) states that a court of appeals "shall be the sole and exclusive means for judicial review of an order of removal[.]" Section 1252(b)(5) states that the court of appeals will decide a petitioner's citizenship claim if it determines there is no genuine issue of material fact or will otherwise transfer the proceeding to a district court. Section (b)(5) also specifies that a petitioner's citizenship

---

[4] The Court notes that Defendants' attack on subject-matter jurisdiction is factual because Defendants rely on extrinsic evidence and dispute, among other things, whether Plaintiff has "further remedies to pursue." (*Compare* Doc. 9 at 9, *with* Doc. 1 at 3.)

- 7 -

claim may only be decided "as provided in this paragraph."

Plaintiff objects that he is not challenging his third removal order, just the denial of his motion to reopen his citizenship claim. (Doc. 12 at 6–7.) Removal orders, Plaintiff argues, are managed by the courts and citizenship claims are managed by USCIS. (*Id.* at 7.) The gist of Plaintiff's argument is that his obligation to operate under § 1252 ended when his removal proceedings ended in 2016. (*Cf.* Doc. 12 at 11 (arguing the 2020 Court decision was improper because Plaintiff was "no longer in removal proceedings").) Plaintiff is mistaken because the "issue" of his nationality "arose by reason of, or in connection with" his removal proceeding. Plaintiff's nationality claim was first made in ICE removal proceedings. Even if it had not been, nationality is a "threshold issue" in any removal proceeding. See *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922) ("Jurisdiction in the executive to order deportation exists only if the person arrested is an alien. The claim of citizenship is thus a denial of an essential jurisdictional fact."); *Iasu*, 511 F.3d at 890. As the Court previously explained, "the relevant proceeding . . . is the proceeding in which the citizenship claim originated, not the proceeding in which the claim is being pursued." (DLR Doc. 17 at 6 (citing *Rios-Valenzuela v. DHS*, 506 F.3d 393, 398 (5th Cir. 2007)).) Plaintiff's third removal did not wipe the slate clean, permitting a fresh nationality claim one month later. Plaintiff's removal instead defines his claim because that is where the claim "arose."

Plaintiff also objects that "there is no rule that the Plaintiff raise his claim of citizenship if his case is at the Ninth Circuit." (Doc. 12 at 4.) The Court understands Plaintiff to mean he need not raise his claim exclusively at the Ninth Circuit. Plaintiff continues, "[Defendants' cited case discussing § 1252(b)(5)] simply grants jurisdiction, in such cases, but does not set forth a hard and fast rule a plaintiff must make a claim of citizenship under such circumstances." (*Id.*) Plaintiff's implication that § 1252(b)(5) does not provide a "hard and fast rule" is directly contradicted by § 1252(b)(5)'s plain language and the caselaw Defendants cite. See *Iasu*, 511 F.3d at 889. Plaintiff also mischaracterizes § 1252(b)(5) as "simply" granting jurisdiction, implying Plaintiff may choose where to

make his citizenship claim. But § 1252(b)(5) grants jurisdiction simply *and exclusively* to a court of appeals when the issue of citizenship arose in removal proceedings.

Finally, Plaintiff objects that the district court is "deemed proper for jurisdiction" because "there are genuine issues of material fact as to Plaintiff's claim for derivative citizenship." (Doc. 12 at 6.) But as § 1252 makes clear, only the court of appeals may deem whether Plaintiff's nationality claim raises genuine issues of material fact.

### ii. None of Plaintiff's cited statutes return jurisdiction to this Court.

Plaintiff's complaint asserts jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction) and 28 U.S.C. § 1361 (the Mandamus Act). (Doc. 1 at 5.) The Complaint's jurisdiction section also asserts the Court "may grant relief" under the APA, the Mandamus Act (again), the All Writs Act, and the Declaratory Judgment Act. (*Id.*) Plaintiff's response to Defendants' motion to dismiss refers only to the Mandamus Act and the APA. (Doc. 12 at 7–10.) Plaintiff therefore abandons his claims to jurisdiction under § 1331, the Declaratory Judgment Act, and the All Writs Act by failing to address Defendants' objection to them. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010 (a plaintiff who makes a claim in his complaint but fails to raise the issue in response to a motion to dismiss has effectively abandoned that claim); DLR Doc. 17 at 4 (noting the same deficiency in 2020). The Court will still address each in turn.

The doctrine of sovereign immunity defeats Plaintiff's arguments. The United States may only be sued to the extent it "unequivocally" waives its sovereign immunity. *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). Sovereign immunity is not avoided by naming officers or employees of the United States as defendants rather than the United States itself. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949). The plaintiff bears the burden of showing an unequivocal waiver of immunity. *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied,* 466 U.S. 958 (1984).

Plaintiff fails to identify any waiver of immunity that applies in this case. (*See generally* Doc. 12.) Regarding § 1331, Plaintiff's claims do arise under federal law. But the Court agrees with Defendants and its 2020 order that the "mere assertion that general

jurisdictional statutes apply does not suffice to confer jurisdiction when, as in this case, the government did not waive its immunity." *Hughes v. United States*, 953 F.2d 531, 539 n.5 (9th Cir. 1992) (discussing § 1331 among other statutes); *see also N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985) ("[T]he analysis of jurisdiction cannot stop with § 1331 because the claims . . . are barred by sovereign immunity unless the government has consented to suit."). The Court next turns to Plaintiff's other cited statutes.

The Mandamus Act does not waive immunity because USCIS has already adjudicated Plaintiff's case. The Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is available only to compel the performance of a "ministerial duty," not to "direct the exercise of judgment or discretion in a particular way." *Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218 (1930). Mandamus is an "extraordinary remedy" that requires plaintiffs to "show that they lack adequate alternative means to obtain the relief they seek." *Mallard v. U.S. Dist. Ct. for the S. Dist. Of Iowa*, 490 U.S. 296, 309 (1989). Plaintiff has not shown a lack of adequate alternative means, which are prescribed by § 1252. Plaintiff also has not shown a ministerial duty for the Court to compel; USCIS adjudicated both Plaintiff's N-600 application and his motion to reopen it. Plaintiff "simply disagree[s] with the manner in which USCIS has adjudicated" his case. (DLR Doc. 17 at 5.)

The APA also does not waive sovereign immunity because Plaintiff does not allege an unreasonably delayed action, and § 1252 provides a "legally adequate remedy." The APA permits district-court review of unreasonably delayed actions, 5 U.S.C. §706(1), and agency actions where a plaintiff lacks another remedy. §§ 702, 704, 706(2); *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (Section 704 "makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action"). Plaintiff acknowledges USCIS adjudicated his case and alleges no § 706(1) delay. (Doc. 12 at 10.) Instead, Plaintiff argues that § 706(2) creates a means for individuals to challenge agency actions "outside of the removal context." (*See* Doc. 12

at 10.) That may be true, but Plaintiff's case is not outside the removal context and is squarely governed by § 1252. Plaintiff also argues that the facts of his case make his APA claim "jurisdictionally valid." (*Id.*) But, again, Plaintiff's facts establish that § 1252 governs Plaintiff's case. Because § 1252 gives Plaintiff an adequate remedy, the APA's § 702 waiver does not apply.

Finally, the All Writs Act and the Declaratory Judgment Act also do not confer jurisdiction. "The Supreme Court has long held that the All Writs Act is not itself a source of jurisdiction." *Lights of Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 130 F.3d 1369, 1370 (9th Cir. 1997) (citation omitted). And jurisdiction under the Declaratory Judgment Act is explicitly exempted by § 1503(a) if a plaintiff's claim arose in removal proceedings, in which case § 1252 is the exclusive means of raising a challenge.

Plaintiff ends his arguments for jurisdiction by remarking that "Defendants['] endless hang up on [§ 1252] . . . has become tiresome." (Doc. 12 at 10.) Plaintiff's rhetorical swipe is misplaced and ironic because he chose to provoke the same defenses by raising the same arguments this Court rejected in 2020.

## IV.  Order

For the reasons above,

**IT IS ORDERED GRANTING** Defendants' Motion to Dismiss (Doc. 9) with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 13th day of January, 2023.

Honorable John C. Hinderaker
United States District Judge